# Margaret A. Nixon's Trust. Petition of Anna Mould and of The Safe Deposit and Trust Company of Pittsburg, Guardian of Francis R. Mould, Henry St. L. Mould, James A. Mould, Jr., and Margaret A. Mould, minor children of Anna Mould. Appeal by Petitioners.

*Trusts and trustees—Deed of trust.*

By a deed of trust land was conveyed to M. " for the sole and separate use of J. for and during his natural life, and so as he alone, or such person as he shall appoint, shall take and receive the rents, issues and profits thereof, to be used and appropriated as he may deem advisable for the use, education and maintenance of the children begotten, and hereafter to be begotten by said J. and M., and from and after the decease of the said J., in trust for the use of the heirs of the body of the said M. by said J. begotten, or to be begotten, forever. After the decease of the said J. the said M. is to have the exclusive control of the said above described property as long as she remains the widow of the said J.; and at her death or marriage the said above described property is to be equally divided among the following named children [naming them], and any other children hereinafter begotten between the said J. and M." *Held,* (1) that M. had an interest in the land during the whole of her life if she remained unmarried after the death of her husband; (2) that the children after the death of J., and before the death or marriage of M., had no interest therein, and no standing to have the trust declared ended and terminated.

Argued Nov. 3, 1898. Appeal, No. 83, Oct. T., 1898, by Anna Mould et al., from decree of C. P. No. 2, Allegheny Co., July T., 1893, No. 91, dismissing petition to have trust declared terminated. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to have a trust declared terminated.

From the record it appeared that a deed was made by John

McAleer, bearing date January 13, 1866, conveying certain lands in the townships of Pitt and Peebles, in the county of Allegheny, now in the 14th and 23d wards of the city of Pittsburg, to Margaret A. Nixon, to have and to hold, in trust nevertheless, and for the uses following, and none other, that is to say, "for the sole and separate use of Joseph Nixon, husband of said Margaret A. Nixon, for and during his natural life, and so as he alone, or such person as he shall appoint, shall take and receive the rents, issues and profits thereof, to be used and appropriated as he may deem advisable for the use, education and maintenance of the children begotten, and hereafter to be begotten, by said Joseph and Margaret A. Nixon, and from and after the decease of the said Joseph Nixon, in trust for the use of the heirs of the body of the said Margaret A. Nixon, by said Joseph Nixon begotten, or to be begotten, forever. After the decease of the said Joseph Nixon, the said Margaret A. Nixon is to have the exclusive control of the said above described property as long as she remains the widow of the said Joseph Nixon; and at her death or marriage the said above described property is to be equally divided among the following named children, to-wit: Anna, Mary Jane, Josephine, John, Joseph Albert Nixon, and any other children hereafter begotten between the said Joseph and Margaret A. Nixon, forever, with power to sell and convey in fee simple the whole or any part of said premises and appurtenances to any person or persons, and for such sum or sums of money as the said Joseph Nixon, by writing, under his hand and seal, and duly acknowledged at any time during his natural life, may appoint and direct; and it is further expressly understood by and between said parties that at the death of the said Joseph Nixon the said Margaret A. is to have no power to sell or convey the above described property, or any portion thereof."

Margaret A. Nixon accepted the trust, and during the lifetime of Joseph Nixon, made deeds for portions of the trust estate sold by his direction and appointment in writing.

After the execution of said trust deed, there was born to said Joseph and Margaret A. Nixon, two children, to wit: Daniel Robert Nixon, who died in his minority, unmarried and without issue, and James L. Nixon, who is still living. Joseph Nixon died on February 26, 1892, being twenty-six years after

the date of said deed of trust, so that all the children named in said deed then surviving were then at least twenty-six years old.

Margaret A. Nixon, trustee, on April 22, 1893, invoked the jurisdiction of the court below over the trust estate, by applying for an order to sell a part of the real estate, which order the court made, but she being unable to give the bond required, on July 1, 1893, applied for her discharge as trustee, and was discharged, and the Fidelity Title and Trust Company of Pittsburg appointed trustee. The Fidelity Title and Trust Company accepted the trust, and from time to time, pursuant to order of court, made sales of part of the trust property, and still continues to act as trustee, and is in possession of the trust estate.

Anna Mould, formerly Anna Nixon, one of the children of Joseph and Margaret A. Nixon, named in said deed of trust, and the Safe Deposit and Trust Company of Pittsburg, guardian of Henry St. L. Mould, James A. Mould, Jr., Francis R. Mould and Margaret A. Mould, minor children of Anna Mould, and devisees under the will of Joseph Albert Nixon, a deceased child of said Joseph and Margaret A. Nixon, named in said deed of trust, of a part of the interest of said decedent in said trust estate, on September 25, 1897, petitioned the court below for a decree that said trust had ceased and ended, and that the trustee be required to file an account and make reconveyance of the trust estate to the parties entitled thereto, and for such other relief as the circumstances of the case required, averring that all of the children of Joseph and Margaret A. Nixon had long since arrived at full age, the youngest being now about twenty-five years old; that the control of the trust estate given to said Margaret A. Nixon as trustee was as head of the family and a personal trust that did not permit of the substitution of a trustee in her place, which upon her discharge as trustee terminated the trust; also, that Joseph Nixon having deceased, and the children having all arrived at full age, the trust was repugnant to the statute of accumulations and void; and also, that the trust had ceased and ended. The Fidelity Title and Trust Company, trustee, filed an answer denying that the trust was ended.

SHAFER, J., filed the following opinion:

This matter first came into this court upon the petition of Margaret A. Nixon, as trustee, for leave to sell certain real estate, which resulted in her discharge, at her own request, as trustee, and the appointment of the Fidelity Title and Trust Company as trustee in her place, by which new trustee certain real estate was sold by order of the court.

In this proceeding, Anna Mould, a child of Margaret A. Nixon, and the guardian of Henry St. L. Mould, and others, have presented their petition, showing the deed creating the trust, and under which they claim, and the proceedings thereon, and claiming that the trust has ceased, and praying for a decree to that effect.

The deed of trust in question was made in 1866 by one John McAleer, and recites title in him by a deed of the same date from Joseph Nixon and Margaret A. Nixon, his wife. Whether the land originally belonged to the husband or to the wife does not appear, but it sufficiently appears that McAleer is a mere conduit for the title and that the deed is a family settlement, and the children, at least, not purchasers for value. The legal title is put in Margaret A. Nixon, in trust for the "sole and separate" use of Joseph Nixon for life, so that he may take the rents, etc., to be used as he may deem advisable for the education and maintenance of the children of Joseph and Margaret A. Nixon, "and from and after the decease of the said Joseph Nixon in trust for the use of the heirs of the body of said Margaret A. Nixon by said Joseph Nixon begotten, or to be begotten, forever." If the deed had stopped here we should probably have had a dry trust in Margaret A. Nixon for her own children, taking under the name of "heirs of her body." Nothing is said about her taking rents, etc., for maintenance of the children or that she is to do anything in respect to them. The deed, however, proceeds to add immediately. that which modifies and explains the preceding sentence, as follows: "After the decease of the said Joseph Nixon, the said Margaret A. Nixon is to have the exclusive control" of the property so long as she remains unmarried, and at her death or marriage the property is to be equally divided among the following named children, to wit: Anna, Mary Jane, etc., and many others after born. The deed is very inartificially and confusedly drawn.

It may mean to give no beneficial interest whatever to Margaret A. Nixon, and to give her "full control" only as trustee for her children without any right to use any of the proceeds for herself. If this were true, there would appear to be no reason, after the children have all arrived at full age, for keeping the trust on foot any longer, and the appointment of a new trustee, made by this court in 1893, was improper. This appointment was made by the express consent of Anna Mould, one of the petitioners, and without opposition, although notified, by J. A. Nixon, the testator, of the other petitioners. We do not believe, however, that it was intended that Mrs. Nixon should take no beneficial interest after her husband's death, but that the intention was that after her husband's death she should have full control of the property for her own use, and at her marriage or death the legal title held by her should be for the "heirs of her body," to wit: her children named in the deed among whom the property is to be divided at her marriage or death. This interpretation will give full effect to every word of the deed, and also give effect to the very probable intention of the parties. If this view of the rights of the parties under this deed is correct, petitioners are not interested and have no standing until the marriage or death of Margaret A. Nixon, who is living and unmarried, her husband having died in 1892.

The petition is therefore dismissed.

*Error assigned* was the decree of the court dismissing the petition.

*Morton Hunter*, for appellants.—This is not a grant of any interest to Margaret A. Nixon. It lacks apt words of conveyance. It clearly relates to the continuance of the trust after the decease of Joseph Nixon, and provides for the control of the trust estate by the mother as the surviving head of the family, to be terminated when she should cease to be the head of the family by marriage or death: In re Estate of Joseph Nixon, 45 P. L. J. 112; Slemmons's Est., 173 Pa. 156.

It is a principle of equity that whatever may be the nominal duration of a trust, it continues in equity no longer than the thing to be secured by it demands.

In re Slemmons's Est., 173 Pa. 156, it was held that a trustee could not take the place of a parent as the head of the family,

and that there are matters of personal trust as to which there can be no substitution.

1 Perry on Trusts, sec. 39, says it is a rule of equity that courts in appointing trustees will regard the wishes of the persons by whom the trust was created, if expressed in the instrument creating the trust, or clearly to be collected from it. The court will not appoint as trustee a particular person or a person filling a particular character, whom the author of the trust declared should not be a trustee.

Appellants contend that Joseph Nixon having died and the children having arrived at full age, the trust is void as respects future accumulations and conflicts with the statute against accumulations: Act of April 18, 1853, P. L. 503, sec. 9.

*M. A. Woodward*, for appellee.—It is too plain for argument that the children of Mr. and Mrs. Nixon take, not through Mr. Nixon or as his heirs, but by deed as purchasers, as held in this case, and by Judge HAWKINS, in refusing the partition sought as aforesaid by these appellants, in the case, entitled In re Estate of Joseph Nixon, 45 Pittsburg L. J. 112.

The children joined in a written consent, and in the prayer to the court to accept the resignation of Mrs. Nixon and appoint the Fidelity Title and Trust Company in her place. They also had previous notice of Mrs. Nixon's application therein to make sales for the benefit of the estate, and made no objections. They are therefore clearly estopped.

There is not, we believe, a case in the books, in which the court has assumed that a provision in a will or in a deed of trust was in conflict with the law against accumulations, excepting where it plainly appeared from the language and facts stated in the devise or grant, or perhaps where proof was made supplemental thereto establishing the facts.

Under the act of 1853 a trust for accumulation beyond the statutory period is not void in toto, but only for the excess: Brown v. Williamson, 36 Pa. 338.

Accumulations which may be temporary and not intended to be permanent are not in conflict with the law: Hibbs's Est., 143 Pa. 217.

PER CURIAM, November 14, 1898:

It is very clear indeed that Margaret Nixon had an interest

in the property in question during the whole of her life if she remained unmarried after the death of her husband, and that the children had no interest therein until after her death or marriage. As neither of those events has occurred, it is manifest that the present appellant has no standing in court at this time. The reasons for this conclusion are so clearly expressed in the opinion of the learned court below that it is unnecessary to elaborate them any further.

Decree affirmed and appeal dismissed at the cost of the appellants.